United States District Court
District of Massachusetts

|  |  |
|---|---|
| RICHARD F. COURTNEY )<br>         Plaintiff, )<br>    )<br>         v. )<br>    )<br> U.S. BANK, N.A. AS INDENTURE )<br> TRUSTEE FOR CERTIFICATE HOLDERS )<br> OF BEAR STEARNS ASSET-BACKED )<br> SECURITIES I LLC, ASSET BACKED )<br> CERTIFICATES, SERIES 2007 HE6 )<br>         Defendant. )<br>    ) | Civil Case No.<br>12-12181-NMG |

MEMORANDUM & ORDER

GORTON, J.

   This case involves the attempted foreclosure of a mortgage by defendant Certificate holders of Bear Stearns Asset-Backed Securities I LLC, Asset Backed Certificates, Series 2007 HE6 ("the Trust") on a property in Lynn, Massachusetts. That property belongs to plaintiff Richard F. Courtney ("plaintiff" or "Courtney").

I.   **Background**

   In March, 2007, plaintiff purchased a home at 6 Adams St. Lynn, Massachusetts ("the Property") with a loan secured by a mortgage ("the Mortgage") to BayRock Mortgage Company ("BayRock"). The Mortgage provided that Mortgage Electronic Registration System ("MERS") would act as nominee for BayRock and

-1-

its successors and assigns. After the loan closing, as part of a Pooling and Service Agreement ("PSA"), the Mortgage was sold to the Trust.

In 2009, plaintiff defaulted on the Mortgage. In July, 2009, EMC Mortgage Corporation ("EMC"), the servicer of plaintiff's Mortgage, sent to the plaintiff a 90-day right-to-cure notice. Plaintiff did not cure within 90 days, and, as a result, the amount due and owing under the Mortgage accelerated in accordance with the terms of the Note and Mortgage. In March, 2012, MERS assigned the Mortgage to the Trust. The assignment was excuted by Nick Parrish, who purported to be an Assistant Secretary of MERS, and was recorded at the appropriate Registry of Deeds.

## II. Procedural History

Plaintiff filed this lawsuit for declaratory judgment against defendant and another in the Massachusetts Superior Court for Essex County. The Superior Court dismissed New England Merchants Corporation ("NEMCO") as a party due to plaintiff's failure to serve NEMCO with process. US Bank, as servicer of the Trust, removed this case to federal court in November, 2012. Shortly thereafter, plaintiff filed a First Amended Complaint (Docket No. 7).

Currently before the Court is defendant's motion to dismiss (Docket No. 8). At a hearing on January 30, 2013 the Court heard

oral argument on that motion and plaintiff's motion to remand (Docket No. 14), whereupon the Court denied the latter and took the former under advisement. The Court now renders its decision on defendant's motion to dismiss.

### III. Analysis

#### A. Legal Standard

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must accept as true all factual allegations underlying the claim and draw all reasonable inferences in favor of the non-moving party. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). In considering the merits of a motion to dismiss, the Court may not look beyond the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the Complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).

#### B. Application

Plaintiff seeks declaratory judgment that defendant is not entitled to proceed with foreclosure for three reasons: 1) the

defendant violated M.G.L. c. 244 § 35A with respect to the notice of plaintiff's right to cure (Count I) 2) there was an invalid assignment of the mortgage (Count II) and 3) defendant is not the holder of the Note (Count III).  Defendant has moved to dismiss all three counts.

### 1. Failure to Comply with M.G.L. c. 244 § 35A (Count I)

Plaintiff alleges that EMC was barred from accelerating his debt because of alleged deficiencies in the form of the Notice he received.  Plaintiff seeks a declaration of this Court that the Notice is deficient, thus requiring defendant to issue a new Notice before defendant can accelerate the debt or foreclose.

First, plaintiff alleges that US Bank attempted to collect fees "attributable to the right to cure a default" in violation of § 35A.  As defendant notes, however, those fees are not related to the right to cure the default but are provided for in the Mortgage and thus are not prohibited by § 35A.

Second, plaintiff alleges that the Notice was deficient because it did not inform him of his right to challenge the alleged past-due amount.  The version of the statute in effect at the time Notice was given did not include such a requirement. See M.G.L c. 244 § 35A(c)(4)(2009).  That provision was added when § 35A was amended in 2010, well after the Notice in this case and thus is not applicable here.

Third, plaintiff points to the fact that the Notice

incorrectly listed "Bear Stearns Res Mtg" rather than BayRock as the original lender. The Massachusetts Land Court recently held that a notice that incorrectly identified the name of the mortgagee but otherwise substantially complies with the requirements of § 35A and provides the borrower with information regarding the entity with the "ultimate authority on the Mortgage and Note" is sufficient. Conti v. Wells Fargo Bank, N.A., 11 MISC 456834 AHS, 2012 WL 2094375 (Mass. Land Ct. June 11, 2012).

In an analogous Truth in Lending Act context, the First Circuit Court of Appeals emphasizes "objective reasonableness, rather than subjective understanding" in upholding a notice that was facially deficient due to contradictory deadlines because it contained sufficient information for a "reasonably alert person" to determine the correct deadline. Palmer v. Champion Mortg., 465 F.3d 24, 28-29 (1st Cir. 2006). See also Carye v. Long Beach Mortg. Co., 470 F. Supp. 2d 3 (D. Mass. 2007)(holding that even though the notice failed to include the date of the transaction an "average person would be aware" of the deadline).

In this case the Notice listed the correct loan servicer and Note holder as well as the name and phone number of a person plaintiff could contact with any questions. In fact, plaintiff does not allege that the failure to list the correct original lender confused him or in anyway affected his ability to cure the default. Thus, the Court finds that the discrepancy is not so

flagrant as to invalidate the Notice.

Finally, plaintiff alleges that the Notice incorrectly identified the Trust rather than MERS as the mortgagee. Given that MERS was acting as the nominee for the Trust which was the actual holder of the Note, defendant complied with Massachusetts law by identifying the Trust as the mortgagee.

### 2. Validity of Mortgage Assignment (Count II)

Plaintiff asserts that because of the invalidity of the assignment by MERS the Trust is not the current holder of the Mortgage and thus is not entitled to exercise the power of sale. This argument fails for several reasons. First, plaintiff does not have standing to challenge an assignment by MERS. This Court has repeatedly dismissed borrowers' challenges to the assignment of their mortgages where they are neither parties to nor third party beneficiaries of the assignment. E.g. Oum v. Wells Fargo, N.A., 842 F. Supp. 2d 407, 412 (D. Mass. 2012)(collecting cases).

Plaintiff also challenges the assignment on the grounds that it violated the PSA but that argument is equally unavailing for the same lack-of-standing reason. Finally, even if plaintiff did have standing to challenge the assignment, it would make little difference. This Court has repeatedly upheld assignments by MERS that were correctly signed and recorded. E.g. In re Marron, BR 11-40191-NMG, 2012 WL 4482374 (D. Mass. Sept. 26, 2012), at *4. Here the assignment by MERS complied with Massachusetts law.

### 3. Ownership of the Note (Count III)

Finally, plaintiff alleges that the Trust does not hold the Note and thus lacks standing to foreclose. Under the Uniform Commercial Code (M.G.L. c. 106 § 3-301) when a note is endorsed in blank, it may be enforced by proof of possession alone. Defendant produced the original Note and allonge at oral argument. The Note was originally payable to BayRock but attached to the Note is an allonge bearing BayRock's blank indorsement. It is therefore clear that defendant has possession of the Note and is entitled to enforce it.

### ORDER

In accordance with the foregoing, the defendant's motion to dismiss (Docket No. 8) is **ALLOWED**, and the case is **DISMISSED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated February 6, 2013